In re Anthony Drew
**MEADOWS, Debtor.**

**Jill Lynn MEADOWS, Plaintiff,**

v.

**Anthony Drew MEADOWS, Defendant.**

**Bankruptcy No. 486–41872.**
**Adv. No. 486–4369.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

July 17, 1987.

David F. Pickering, Mayo & Pickering, Fort Worth, Tex., for Jill Lynn Meadows.

Bruce L. Mansfield, Auld, Koenig, Stephenson & Mansfield, Bedford, Tex., for debtor.

Carey Dalton, Fort Worth, Tex., Trustee.

## MEMORANDUM OF OPINION CONCERNING

## COMPLAINT TO DETERMINE DISCHARGEABILITY AND RELIEF FROM STAY

JOHN C. AKARD, Bankruptcy Judge.

Jill Lynn Meadows, former spouse of the Debtor, Anthony Drew Meadows, brought a Complaint to Determine the Dischargeability and for Relief from Stay in the above captioned proceedings.

### Facts

Mrs. Meadows and the Debtor were married February 28, 1981. Their daughter, Maegan Elizabeth Meadows, was born August 21, 1982. During the marriage, the Debtor sustained an injury to his back and head during the course of his employment and received weekly benefits under the Longshoremen's and Harbor Workers' Compensation Act. The Debtor also filed suit against his former employer for damages for personal injuries. That lawsuit was pending when Mrs. Meadows filed for divorce in the 360th Judicial District Court of Tarrant County, Texas.

The Debtor and Mrs. Meadows were divorced on June 26, 1984 by Agreed Decree of Divorce. By agreement of the parties, the District Court ordered that any funds received by the Debtor as a result of the pending lawsuit were to be split with 50% of the proceeds of the suit to go to the Debtor, one-fourth to Mrs. Meadows for Maegan's use and benefit, and one-fourth to be held in trust by Mrs. Meadows for Maegan until she reached the age of eighteen.

On June 7, 1986, the Debtor received $60,000.00 proceeds from his suit. On July 21, 1986, the District Court entered a temporary freeze order and temporary injunction forbidding the Debtor to dispose of any remaining settlement proceeds. At that time, $27,761.98 of the suit proceeds remained. After hearing held August 25, 1986, the district court entered an Order that the Debtor pay Mrs. Meadows the balance of the net proceeds, as well as the remaining balance of the $30,000.00 due to Mrs. Meadows for her daughter on or before October 29, 1986, and ordered that attorney fees in the amount of $1,250.00 be paid directly to Plaintiff's attorney for the benefit of the child.

On September 10, 1986, the Debtor filed for protection under the Bankruptcy Code claiming that all remaining net proceeds of his suit were exempt pursuant to 33 U.S.C. § 916 of the Longshoremen's and Harbor Workers' Compensation Act.

### Issues

On October 1, 1986, Mrs. Meadows filed a Complaint to Determine the Dischargeability pursuant to 11 U.S.C. § 523(a)(5) as well as a Motion for Relief from Stay. The

Debtor argues that the anti-attachment provisions of 33 U.S.C. § 916 preempt State law. Therefore, he asserts that the remaining proceeds granted pursuant to 33 U.S.C. § 901 cannot be divided by the Texas Courts and are exempt assets of the Debtor's estate under the Bankruptcy Code.

Mrs. Meadows asserts that the proceeds of the suit were set aside in the nature of support for the Debtor's child and that 11 U.S.C. § 522(c)(1) prevents the Debtor from exempting funds in the nature of child support. Therefore, Mrs. Meadows argues that she is entitled to relief from the stay to enforce the Court-ordered support, whether or not the funds are exempt pursuant to 33 U.S.C. § 916.

### Discussion

33 U.S.C. § 916 states:

No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemptions may not be waived.

In *Thibodeaux v. Thibodeaux*, 454 So.2d 813 (La.1984), *cert. denied*, 469 U.S. 1114, 105 S.Ct. 800, 83 L.Ed.2d 792 (1985) the Court held that a wife stood as a judgment creditor and that her garnishment for past-due child support constituted an attachment which was prohibited by 33 U.S.C. § 916. It must be noted, however, that *Thibodeaux* was not a bankruptcy case.

Originally, the Bankruptcy Act of 1898 did not except maintenance or support of a Bankrupt's wife or children from Discharge. D. Ravin and K. Rosen, *The Dischargeability in Bankruptcy of Alimony, Maintenance and Support Obligations*, 60 Am.Bankr.L.J. 2 (1986) (hereinafter cited as Ravin & Rosen). Five years later, however, Congress amended the Act by providing that a Bankrupt's Discharge would not release him from his liability for maintenance or support of his wife or child.

Act of February 5, 1903, Ch. 487, 32 Stat. 798 (1903).

11 U.S.C. § 523(a)(5) carried over the concept that a debt to a spouse, former spouse or child of the Debtor by way of maintenance or support is not dischargeable. A nondischargeable debt under § 523(a)(5) must be in the nature of alimony or support, actually be owed to a spouse or child and must be in connection with a separation agreement, divorce decree, property settlement agreement or other order of a Court of record. *Lake County Department of Public Welfare v. Marino (In re Marino)*, 29 B.R. 797, 799 (D.C.N.D.Ind. 1983). In determining whether a debt is based on or arises from a duty of support, it is well established that dischargeability is determined by the substance of the liability rather than its form. *See Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). A debt which is meant to satisfy an enforceable duty is excepted from Discharge without regard to the form of the debt. The test is whether the debt was incurred or its payment directed in discharge of a matrimonial obligation for alimony, maintenance or support. Ravin & Rosen, *supra* at 8, citing *Golden v. Golden*, 411 F.Supp. 1076 (S.D.N.Y.), *aff'd*. 535 F.2d 213 (2nd Cir.1976). Therefore, the Bankruptcy Court must seek the intent of the parties as shown in the divorce agreement and other surrounding circumstances. *In re Williams*, 703 F.2d 1055 (8th Cir. 1983).

In the instant case, the Debtor's obligation was not an involuntary judicial lien within the meaning of § 522(f)(1), but was consensual and voluntary, even though sanctioned by the District Court. *See Dunn v. Dunn (In re Dunn)*, 10 B.R. 385 (Bankr.W.D.Okla.1981). Congress did not intend, in providing a Discharge in Bankruptcy in order to afford a Debtor a fresh start, to permit him to neglect his family obligations. To permit a Debtor to do so would be to ignore underlying public policy considerations. *See Dunbar v. Dunbar*, 190 U.S. 340, 23 S.Ct. 757, 47 L.Ed. 1084 (1903); *Kuhn v. Sokolsky (In re Sokolsky)*, 18 B.R. 138 (Bankr.M.D.Fla.1982).

33 U.S.C. § 914 deals with the payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act. Subsection (a) states that compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer. Section 915(b) states that an employee may not waive his right to compensation. Section 916 states that no assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

33 U.S.C. § 933 also permits the injured workman to sue a third party tort-feasor so that he may recover by way of compensation or through the medium of damages awarded in the third-party suit, whichever sum is larger. *Davis v. United States Lines Co.*, 253 F.2d 262 (3d Cir.1958). The section operates to transfer to the employer the right to sue the third-party tort-feasor when the employee accepts compensation under the chapter. *The Owen*, 43 F.Supp. 897 (E.D.Pa.1942). Section 933 also permits the injured employee to bring action against a third-party tort-feasor following acceptance of compensation under an award provided he does it within six months from the date he accepts the funds. *Rhodes v. Donohoe Construction Co.*, 527 F.Supp. 596 (D.C.D.C.1981).

The pertinent language in the agreed Decree of Divorce is as follows:

The Court finds that Respondent, ANTHONY DREW MEADOWS, has filed a lawsuit in Mississippi against his former employer, Dickson Welding and McMoran Drilling, for worker's compensation benefits and damages for personal injuries arising from an on-the-job injury sustained by Respondent while working for said employer, and which lawsuit is presently pending.

IT IS DECREED that upon settlement or trial of the above mentioned lawsuit, the net proceeds received by Respondent, ANTHONY DREW MEADOWS, shall be distributed in the following manner:

(a) One-fourth (¼) of said amount to Petitioner, JILL LYNN MEADOWS, for the use and benefit of the parties' child, MAEGAN ELIZABETH MEADOWS;

(b) One-fourth (¼) of said amount to be held in trust by Petitioner, JILL LYNN MEADOWS, for the parties' child, MAEGAN ELIZABETH MEADOWS, until such time as she attains the age of eighteen (18) years, at which time the principal and undistributed income accruing from said amount shall be distributed to MAEGAN ELIZABETH MEADOWS;

(c) One-half (½) of said amount to Respondent, ANTHONY DREW MEADOWS.

IT IS DECREED that Respondent, ANTHONY DREW MEADOWS, is hereby designated a constructive trustee for the benefit of JILL LYNN MEADOWS, individually and as trustee for MAEGAN ELIZABETH MEADOWS, and shall pay over to JILL LYNN MEADOWS, one-half (½) of the total amount received within five (5) days of receipt of said proceeds.

### Conclusion

■ The Court finds that the state court judgment shows on its face that the intent of the parties was that one-fourth of the amount of the proceeds of the Debtor's lawsuit was to be set aside for the immediate use and benefit of the Debtor's child, Maegan Elizabeth Meadows, and that one-fourth was to be held in trust for her use and benefit at the age of eighteen. Even if benefits received by the Debtor under the Longshoremen's and Harbor Workers' Compensation Act are the separate property of the Debtor, TEX.FAM.CODE ANN. § 14.05 (Vernon 1986) permits Texas Courts to provide for a child's support from any financial resources available. In the instant case, we have no prohibited divestiture of separate realty, as was the case in

*Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex.1977). *Eggemeyer* holds "that a parent owes a duty to support his child and that duty can be enforced against the parent and his separate property. A receiver or trustee may be named to assure compliance with the order for child support." 11 U.S.C. § 522(b)(2)(A) permits a Debtor to exempt any property exempt under Federal law. 11 U.S.C. §§ 522(d)(10)(C) and (d)(11)(E) permit a Debtor to exempt funds received as disability. However, Congress specifically excepted an individual Debtor from discharge of any debt to a child of the Debtor for support in connection with a separation agreement, divorce decree or other Order of a Court of record. In the instant case, the payments in question are specifically for the use and benefit of the child, both now and in the future.

The Court cannot credit Debtor's argument that the division of the proceeds of the suit in question were by way of a property settlement. The plain language of the State Court Judgment shows that none of the proceeds go to Jill Lynn Meadows, the Debtor's ex-wife. All of the proceeds are in the nature of support for the Debtor's child.

The Court holds that the public policy considerations of the duty of a parent to support a child, outweigh other factors in this case, and that this view is supported by the United States Congress in 11 U.S.C. § 523(a)(5)(B) and by the policies of the State of Texas as contained in the Texas Family Code.

The majority of Courts hold that an obligation to pay attorneys' fees is so intertwined with the support obligation as to be in the nature of alimony or support and excepted from discharge. See, e.g., *In re Williams, supra; In re Spong,* 661 F.2d 6 (2d Cir.1981); *Nunnally v. Nunnally,* 506 F.2d 1024 (5th Cir.1975).

Therefore, for the reasons stated, the Court finds that one-half of the total amount received by the Debtor as net proceeds from his personal injury suit or set-

tlement thereof, and $1,250.00 attorneys' fees constitutes nondischargeable child support.

Order accordingly.[1]

---

1. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.