United States Court of Appeals,

Fifth Circuit.

No. 93-2695

Summary Calendar.

In the Matter of Philmore J. JOSEPH, Debtor.

Philmore J. JOSEPH, Appellant,

v.

J. HUEY O'TOOLE, P.C., Appellee.

March 14, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, JONES and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Philmore J. Joseph appeals a judgment which declares that his obligation to pay attorney's fees incurred by his former wife in divorce proceedings is nondischargeable under section 523(a)(5) of the Bankruptcy Code. Finding no error, we affirm.

Background

Retained in 1984, attorney J. Huey O'Toole represented Jean Joseph in divorce proceedings filed in Harris County, Texas against her husband, Dr. Philmore J. Joseph. Throughout the proceeding, O'Toole expended significant time and effort obtaining and enforcing a temporary support award. Mrs. Joseph, in poor health and possessing only one year of college education, made less than $10,000 per year painting houses. Prior to the divorce Dr. Joseph had supported his family very comfortably on his $100,000 per year

1

salary.

In 1985 a divorce decree was rendered which ordered Dr. Joseph to pay his former wife $3,000 a month. He also was directed to pay all community debts and taxes. Mrs. Joseph terminated O'Toole's services; Dr. Joseph appealed and the divorce decree was reversed and the matter was remanded. O'Toole then intervened in the proceeding, seeking a joint and several judgment against his former client and Dr. Joseph for attorney's fees. At a hearing held in 1988 the court approved a divorce agreement which was very similar to the 1985 provisions. Because the agreement did not address the issue of O'Toole's fees, however, the court rendered a judgment against Dr. and Mrs. Joseph for same. On appeal this judgment was upheld.

Dr. Joseph filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. O'Toole sought a declaration of nondischargeability under section 523(a)(5) of the Bankruptcy Code. In a thorough and well-reasoned opinion, the bankruptcy court found and held that the attorney's fee judgment formed part of an overall economic arrangement to provide Mrs. Joseph with needed support and therefore deemed it nondischargeable. The district court affirmed. Dr. Joseph timely appealed.

## Analysis

Section 523(a)(5) exempts from discharge any debt owed to a former spouse or child for alimony, maintenance, or support.[1] "Whether a particular obligation constitutes alimony, maintenance,

---

[1] 11 U.S.C. § 523(a)(5).

or support within the meaning of this section is a matter of federal bankruptcy law, not state law."[2]  This premise proves particularly important in states such as Texas where no permanent alimony exists.  In Texas, "support in the future can play a significant role in the divorce court's property division and ... what may appear to be a mere division of assets may in fact ... contain a substantial element of alimony-substitute, support or maintenance, however termed."[3]  Thus, we must place substance over form to determine the true nature and purpose of the award, regardless of the label used.[4]

At the core of Dr. Joseph's appeal lies the assumption that only those attorney's fees directly attributable to an award of support should escape discharge in bankruptcy.  This reflects a misapprehension of the law.  An attorney's fee award granted pursuant to a divorce decree does not elude discharge because it tangentially relates to an award of support and maintenance; rather, the attorney's fee award is deemed nondischargeable if the award itself reflects a balancing of the parties' financial needs.[5]  Considerations such as the disparity in earning power of the parties, their relative business opportunities, the physical

---

[2]*Matter of Biggs,* 907 F.2d 503, 504 (5th Cir.1990).

[3]*In re Nunnally,* 506 F.2d 1024, 1027 (5th Cir.1975); *see also Biggs;  Matter of Benich,* 811 F.2d 943 (5th Cir.1987).

[4]*Biggs;  Benich;  Nunnally.*

[5]*Nunnally;  In re Meadows,* 75 B.R. 695 (Bankr.N.D.Tex.1987); *In re Bell,* 61 B.R. 171 (Bankr.S.D.Tex.1986);  *In re Teter,* 14 B.R. 434 (Bankr.N.D.Tex.1981).

condition of the parties, their probable future need for support, the educational background of the parties, and the benefits they would have received had the marriage continued, inform this inquiry,[6] as "[t]he attorney's fee is but a factor to be considered ... in making an equitable division of the estate...."[7]

Applying these considerations to Dr. Joseph's obligation to pay his former wife's attorney's fees, the bankruptcy court found that the debt was in the nature of alimony, maintenance, and support.[8]  The district court affirmed.  We do likewise.

AFFIRMED.

---

[6]*Benich; Nunnally.*

[7]*Nunnally,* 506 F.2d at 1027.

[8]*See also In re Meadows,* 75 B.R. at 699 ("an obligation to pay attorney's fees is so intertwined with the support obligation as to be in the nature of alimony or support and excepted from discharge"); *In re Bell,* 61 B.R. at 177-78 (same); *In re Teter,* 14 B.R. at 437 ("attorney's award is non-dischargeable [sic] if [it is] ... a [sic] indistinguishable part of the support award").

4