25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vern O. LAING, M.D., Plaintiff-Appellant,
v.
Kay BARLOW, Defendant-Appellee.
 No. 93-5219.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Debtor-appellant Vern O. Laing, M.D., appeals the district court's affirmance of the bankruptcy court's determination that certain obligations set forth in a divorce decree are nondischargeable. Because the bankruptcy court's conclusion that the payments are alimony is not clearly erroneous, we affirm.
 
 
 4
 Dr. Laing and Kay Barlow were married in August 1984, and were divorced in December 1991. After a contested hearing, the district court of Tulsa County, Oklahoma, issued a divorce decree that divided the parties' property and debts and set forth several obligations which it characterized as "support alimony." The nature of these obligations is at issue in this case.
 
 
 5
 Prior to the divorce the parties resided in Ms. Barlow's home, which is encumbered by four mortgages. The first and second of these mortgages represent amounts borrowed primarily for Ms. Barlow's needs, whereas the third and fourth mortgages secure loans taken primarily for Dr. Laing's benefit. The divorce decree awarded the home to Ms. Barlow, and ordered Dr. Laing to pay the following amounts as "support alimony":
 
 
 6
 (1) $18,000.00, payable at the rate of $1,000.00 per month;
 
 
 7
 (2) $553.00 per month to the Bank of Oklahoma to pay the indebtedness on two automobiles, one of which was awarded to Ms. Barlow and the other to Dr. Laing; and
 
 
 8
 (3) $101,160.12, consisting of $26,648.00 in back alimony that Dr. Laing had previously refused to pay, and $74,512.12 in mortgage payments, to be applied for Ms. Barlow's benefit against the third and fourth mortgages on her home.
 
 
 9
 These obligations were made terminable upon Ms. Barlow's death or remarriage and could be modified or terminated pursuant to Oklahoma law. The parties' property and debt division was set forth in a separate paragraph.
 
 
 10
 One week after the decree issued, Dr. Laing filed for Chapter 7 bankruptcy relief. He then moved the bankruptcy court to declare the decree's second and third alimony obligations to be in the nature of a property division, and thus dischargeable in bankruptcy. Looking at the terms of the divorce decree and the circumstances of the parties, the bankruptcy concluded that the above-described obligations were alimony, and therefore nondischargeable under 11 U.S.C. 523(a)(5). The district court affirmed, and this appeal followed.
 
 
 11
 "Whether an obligation to a former spouse is actually in the nature of support is a factual question subject to a clearly erroneous standard of review." Sampson v. Sampson (In re Sampson), 997 F.2d 717, 721 (10th Cir.1993). "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." Cowles v. Dow Keith Oil & Gas, Inc., 752 F.2d 508, 511 (10th Cir.1985)(citation omitted), cert. denied, 479 U.S. 816 (1986).
 
 
 12
 A bankruptcy debtor may be discharged of all debts arising prepetition, 11 U.S.C. 727(b), except for certain categories of debts including those to a "former spouse ... for alimony to, maintenance for, or support of such spouse ... [so long as] such liability is actually in the nature of alimony, maintenance or support," 11 U.S.C. 523(a)(5)(B). We have noted that this exception "departs from the general policy of absolution, or 'fresh start' in order to enforce an overriding public policy favoring the enforcement of familial obligations." In re Sampson, 997 F.2d at 721 (quotations omitted).
 
 
 13
 Section 523(a)(5) requires federal courts to look beyond the label given to a particular obligation to determine whether the obligation is actually in the nature of alimony or support. Goin v. Rives (In re Goin), 808 F.2d 1391, 1392 (10th Cir.1987). In making this inquiry, we examine both whether the obligation was intended to provide support and whether it actually provides support. In re Sampson, 997 F.2d at 722-23.
 
 
 14
 Although not dispositive, the terms of a divorce decree or separation agreement are persuasive evidence of the intent behind an obligation. Id. at 723. Here, not only does the decree expressly denominate the disputed obligations as "support alimony," but the structure of the decree itself indicates that they were intended to function as support by placing them in a segment of the document separate and distinct from the property division provisions. The decree, therefore, provides "compelling" evidence that the obligations were intended to provide support to Ms. Barlow. See id.
 
 
 15
 Other factors, as well, persuade us that the obligations were intended as a source of support for Ms. Barlow. The fact that the obligations terminate upon Ms. Barlow's death or remarriage, and that they are modifiable, are indications of support rather than property division. Id. at 724-25. The monthly nature of the payments and the disparity of the parties' incomes support this conclusion. See id. at 724 n. 5 and 725.
 
 
 16
 Further, we conclude that the disputed obligations are, in substance, support. This determination may be made "by considering the relative financial circumstances of the parties at the time of the divorce." Id. at 726. An obligation is more likely to be in the nature of support when it enables the recipient to maintain daily necessities such as housing and transportation. See, e.g., Yeates v. Yeates (In re Yeates), 807 F.2d 874, 879 (10th Cir.1986)(when necessary for wife to maintain her home, husband's obligation to pay debt secured by home was in the nature of support); see also Sylvester v. Sylvester, 865 F.2d 1164, 1166 (10th Cir.1989)(noting that an obligation which enables a spouse to maintain a home and have a monthly income has the actual effect of providing support to the spouse).
 
 
 17
 Here, there was a substantial disparity in the incomes between Dr. Laing and Ms. Barlow, with Dr. Laing earning between $50,000.00 and $100,000.00 annually over the previous six years, while Ms. Barlow earned approximately $700.00 per month at an antique shop. It is apparent that the eighteen months of alimony alone, at $1,000.00 per month, would not be sufficient to provide Ms. Barlow with the standard of living to which she was accustomed. See Sampson, 997 F.2d at 726 (noting that this fact is relevant in determining whether an obligation is in the nature of support). Because the obligation to remove the indebtedness on Ms. Barlow's home and vehicle "effectively functions as [her] source of income at the time of the divorce, it is, in substance, a support obligation." Sampson, 997 F.2d at 726.
 
 
 18
 Based on the record, we cannot say that the bankruptcy court's determination concerning the nature of the obligations is clearly erroneous. Because the challenged obligations are nondischargeable, we need not address Dr. Laing's argument that amounts already paid should be credited solely to his one admittedly nondischargeable debt.
 
 
 19
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470