In re Jack W. YOUNG, Debtor,

Jack W. YOUNG, Plaintiff–Appellant,

v.

Debra YOUNG, Defendant–Appellee.

No. 93–7050.

United States Court of Appeals,
Tenth Circuit.

Aug. 30, 1994.

Submitted on the briefs: *

Kenneth G.M. Mather and Pamela H. Goldberg of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, OK, for plaintiff-appellant.

Steven W. Vincent, Tulsa, OK, for defendant-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Jack Young appeals from the district court's affirmance of the bankruptcy court's determination that payments made to his ex-wife Debra Young pursuant to a divorce decree were in the nature of alimony and support and therefore nondischargeable in his bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.

### Background

Pursuant to a supplemental decree of divorce issued on August 3, 1988, by the Chancery Court of Washington County, Arkansas ("Chancery Court"), Jack Young was required to pay Debra Young $1,434 (less $217, representing her half of rental income on jointly owned property) per month in alimony. Jack Young subsequently filed for bankruptcy and sought a determination that this monthly payment was in the nature of a property settlement incident to divorce and therefore dischargeable in bankruptcy under 11 U.S.C. § 523(a). The bankruptcy court held that the award of alimony was in the nature of support and therefore was nondischargeable. The district court affirmed.

### Discussion

■ Whether an obligation to a former spouse is in the nature of support is a factual question subject to a clearly erroneous standard of review, *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir.1993), and is resolved according to federal bankruptcy law, not state domestic relations law.

*Id.* (citing *Sylvester v. Sylvester,* 865 F.2d 1164, 1166 (10th Cir.1989)).

The bankruptcy court held that the supplemental decree was ambiguous as to whether Mr. Young's payments were in the nature of support for his ex-wife Debra Young. This ambiguity, it believed, allowed it to look beyond the four corners of the decree to determine what the court intended the payments to represent. Upon reviewing the state court transcript of the divorce proceedings, the bankruptcy court determined that the payments were intended as support payments and therefore nondischargeable. The district court affirmed, reasoning that the payments were intended and served as support.

■ *In re Sampson,* decided subsequent to the bankruptcy court's ruling below, held that a bankruptcy court must conduct a two-part inquiry when resolving the issue of whether payments from one spouse to another incident to divorce settlement are in the nature of support. *In re Sampson,* 997 F.2d at 722–23. First, the court must divine the spouses' shared intent as to the nature of the payment. *Id.* at 723. This inquiry is not limited to the words of the settlement agreement, even if unambiguous. *Id.* at 722. Indeed, the bankruptcy court is required to look behind the words and labels of the agreement in resolving this issue. *Id.* at 722. Second, if the court decides that the payment was intended as support, it must then determine that the substance of the payment was in the nature of support at the time of the divorce—i.e., whether the surrounding facts and circumstances, especially financial, lend support to such a finding. *In re Sampson,* 997 F.2d at 725–26. *See Joseph v. J. Huey O'Toole, P.C. (In re Joseph),* 16 F.3d 86, 88 (5th Cir.1994) (discussing some relevant factors). The parties' subsequent change in circumstances or need does not enter into this second inquiry. *Id.* at 720 n. 2 (citing *Sylvester,* 865 F.2d at 1166). Only after conducting both of these inquiries can a bankruptcy court make a proper ruling as to the dischargeability of such payments in bank-

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-

mination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

ruptcy. Although we are here dealing with the meaning of a decree entered after a contested hearing, the basic inquiry is the same—what was intended by the court in entering the decree and whether the evidence adduced in support of the decree justifies that court's characterization of the payments as alimony. *See Laing v. Barlow,* No. 93–5219, 1994 WL 232246 at *2 (10th Cir. 1994) (unpublished); *Dennis v. Dennis (In re Dennis),* 25 F.3d 274, 277–79 (5th Cir.1994); *Brody v. Brody (In re Brody),* 3 F.3d 35, 39 (2d Cir.1993); *Adams v. Zentz,* 963 F.2d 197, 199 (8th Cir.1992).

 Here, the bankruptcy court based its decision on the perceived intent of the state court at the time of the supplemental decree, as divined from the decree itself and its surrounding circumstances. Although the bankruptcy court looked behind the language of the decree only after it had deemed it ambiguous, we need not discuss the validity of this approach given that the court would have conducted its review in identical fashion if it had employed the correct legal framework regarding intent as stated above. Similarly, the bankruptcy court's failure to formally bifurcate its inquiry into two stages also does not vitiate the substance of the bankruptcy court's review of all relevant facts.

Mr. Young seems to argue further that, notwithstanding the bankruptcy court's correct review of all relevant *types* of facts, it erred in not conducting a hearing to insure that it had all of these facts before it, thereby alleviating Mrs. Young's burden of showing by a preponderance of the evidence that the payments were in the nature of support. *See In re Sampson,* 997 F.2d at 723. *See also Grogan v. Garner,* 498 U.S. 279, 290, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (holding that party seeking nondischargeability of debt bears burden of proof by preponderance of evidence). The bankruptcy court did not err in failing to conduct an evidentiary hearing on this issue because both parties were provided ample opportunity to point out any disputed issue of material fact in their response papers to cross-motions for summary judgment. Absent a disputed issue of fact, no hearing was necessary.

AFFIRMED.