In re Joseph E. SPENCER, Debtor.

Sherron BYROM, Plaintiff,

v.

Joseph E. SPENCER, Defendant.

**Bankruptcy No. 96–70786.**
**Adv. No. 96–7090.**

United States Bankruptcy Court,
E.D. Oklahoma.

April 1, 1997.

**234**

Catherine Doud, Inglish & Inglish, Okmulgee, OK, for Plaintiff.

Clark Wood, Sallisaw, OK, for Defendant.

## *OPINION*

TOM R. CORNISH, Bankruptcy Judge.

The pivotal issue in this core proceeding is whether a house payment paid by the Debtor on behalf of an ex-spouse is nondischargeable as support. This Court concludes that it is support.

The parties were married on May 7, 1967 in New Mexico and were divorced on February 14, 1994 in Sequoyah County, Oklahoma. A Decree of Divorce was entered which provides, in pertinent part, as follows:

5. That during the marriage of the parties hereto they have acquired certain real and personal property which should be fairly and equitably divided as per their agreement and as more particularly set forth below.

6. The court further finds that custody of the minor child Renda Lee Spencer should be awarded to the Defendant [Sherron Byrom] subject to the Plaintiff's [Joseph E. Spencer] rights of visitation as more particularly set forth below and the Plaintiff should be ordered and directed to pay to the Defendant child support as more particularly set forth below.

Pursuant to their agreement, it is hereby made the ORDER AND JUDGMENT of the Court that the Plaintiff pay to the Defendant child support in the sum of Three Hundred Thirty Dollars and Seventy Cents ($330.70) until such time that the minor child reaches the age of Eighteen (18) years or graduates from high school, whichever shall occur last. The child support payment Three Hundred Thirty Dollars and Seventy Cents ($330.70) corresponds with the monthly payment on the parties residence due to Donna L. Choate under a certain Promissory Note and Contract for Deed filed March 19, 1991, in the records of the Sequoyah County Clerk in Book 680 at Page 517. It is the intent of the parties that the child support payment shall be applied by the Defendant toward the monthly indebtedness on the Promissory Note and Contract for Deed, and the Defendant shall hold Plaintiff harmless therefrom.

At such time that the minor child graduates from high school in May, 1995, then it is hereby made the ORDER AND JUDGMENT of the court that Plaintiff pay the monthly indebtedness of said Promissory Note and Contract for Deed until such time that the indebtedness thereon is extinguished. Further, at such time that the Plaintiff extinguishes the indebtedness on the property, then the Warranty Deed to be executed by Donna L. Choate shall be executed and delivered by such Seller to the Defendant as her sole and separate property.

The Debtor was represented by counsel during the divorce proceeding and Mrs. Byrom was not. The Debtor took the papers to his ex-wife for her to sign. She did not question the terms. The Debtor testified that it was his intent to pay child support and continue to pay the house payment, as support, until Mrs. Byrom remarried, if he was able to make the payments. Mrs. Byrom

testified that it was her understanding that the Debtor was to pay the indebtedness on the home until it was extinguished, as provided for in the Divorce Decree.

During 1994, the Debtor earned $20,837.65 plus he received $1,428.00 in unemployment. In 1994, Mrs. Byrom earned $5.00 per hour working at Quality Home Health. Based on a forty-hour work week, Mrs. Byrom would have earned $10,400.00.

Section 523(a)(5) provides that a debtor is discharged from debts except those "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that— ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support."

In determining whether payments from one spouse to another are in the nature of support, the Court must use the two part inquiry as follows: (1) the Court must determine the spouses' shared intent as to the nature of the payment; and, (2) if the Court decides the payment was intended as support, it must then determine that the substance of the payment was in the nature of support at the time of the divorce—i.e., whether the surrounding facts and circumstances, especially financial, lend support to such a finding. *Young v. Young (In re Young)*, 35 F.3d 499 (10th Cir.1994) (*citing Sampson v. Sampson (In re Sampson)*, 997 F.2d 717 (10th Cir.1993)). Whether an obligation to a former spouse is in the nature of support is a factual determination. *Young* at 500. What constitutes alimony, maintenance or support is determined under bankruptcy law, not state law. *Yeates v. Yeates (In re Yeates)*, 807 F.2d 874, 877 (10th Cir.1986). However, Congress did not mean for the Bankruptcy Courts to ignore principles of state law. *Id.* at 878. State law may, however, provide guidance as to whether a debt is to be considered in the "nature of support." *Jones v. Jones (In re Jones)*, 9 F.3d 878, 880 (10th Cir.1993).

In the instant case, the Divorce Decree is silent as to support. However, the Decree provides that the Debtor will pay the entire indebtedness on the property, until the debt is extinguished. The parties intended for the monthly payment of $330.70 to be child support for a certain period of time, and thereafter to be for the support of Mrs. Byrom. It is not real clear whether the support was to end upon Mrs. Byrom's remarriage. There is no statement to that effect in the Divorce Decree. However, the Debtor was the party who had legal representation during the divorce proceeding and could have included such a provision if he had so desired. Even if the Divorce Decree makes no specific provisions that support alimony is to continue after remarriage, the Court may refuse to terminate those payments if it determines that it was the intent of the parties to continue the support payments after remarriage. *Johnston v. Griffith*, 675 P.2d 1038 (Okla.Ct.App.1983). Okla. Stat.Ann. tit. 43, § 134 (West Supp.1996) provides, in pertinent part, as follows:

> Upon proper application the court shall order payment of support terminated and the lien discharged after remarriage of the recipient, unless the recipient can make a proper showing that some amount of support is still needed and that circumstances have not rendered payment of the same inequitable, provided the recipient commenced an action for such determination, within ninety (90) days of the date of such remarriage.

The Debtor has made no application in state court to modify the Divorce Decree to terminate the support payments.

The Court finds that it was the intention of the parties that the payment on the home mortgage was in the "nature of support." Thus, the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

IT IS THEREFORE ORDERED that the debt on the home mortgage is **nondischargeable.**