In re Douglas Howard WALKER.

**Linda K. Walker, Plaintiff,**

v.

**Douglas Howard Walker, Defendant.**

Bankruptcy No. 99–15668.
Adversary No. 00–1008.

United States Bankruptcy Court,
N.D. Mississippi.

Dec. 29, 2000.

Tracy Buster Walsh, Southhaven, MS, for plaintiff.

Joe Morgan Wilson, Senatobia, MS, for defendant.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a complaint filed by the plaintiff, Linda K. Walker, wherein she seeks a determination of the dischargeability of certain obligations owed to her by the debtor, Douglas Howard Walker, pursuant to a divorce proceeding in the Chancery Court of DeSoto County, Mississippi. After a presentation of evidence by both parties, the court ruled on the dischargeability of certain obligations imposed upon the debtor, but withheld ruling on the exact amount of one-half of the medical expenses not covered by insurance for the parties' minor children that would be non-dischargeable, as well as, the issue of the dischargeability of the plaintiff's attorney's fees as set forth in the judgment of divorce; the court requested and has now reviewed copies of the medical bills relating to the minor children, as well as, an itemization of the fees and expenses from the plaintiff's attorney in the divorce proceeding; and, therefore, the court hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

A trial in open court was held in this adversary proceeding on November 15,

2000. Based on a review of the evidence, including the judgment of divorce entered in the Chancery Court of DeSoto County, Mississippi, the court found the following items to be non-dischargeable in this bankruptcy case:

(1) Child support payments.

(2) One-half of the college expenses incurred by the two daughters born to the marriage of the parties.

(3) Lump sum alimony in the form of monthly mortgage payments due on the parties' marital residence.

(4) One-half of the medical expenses incurred by the minor children and not covered by insurance.

The chancery court's award of one-half of the value of stock sold by the debtor prior to the parties' separation, in the amount of $650.00, was found by the court to be a dischargeable debt because it was not in the nature of alimony or support as contemplated by § 523(a)(5) [1], and was not excepted from discharge by § 523(a)(15).

As noted above, the court held that the chancery court's award of one-half of all medical expenses not covered by insurance for the parties' minor children was in the nature of support or alimony and non-dischargeable pursuant to § 523(a)(5). However, the court reserved ruling on the amount of this award pending a review of the pertinent bills. The plaintiff's attorney submitted bills totaling $448.20 for medical services and $240.63 for prescriptions. The court finds that these expenses relate solely to the couple's minor children, Pamela and Karen. No objection has been filed by the debtor or the debtor's attorney to these bills. Accordingly, the court finds that the sum of $344.45, representing one-half of the $688.83 total, is non-dischargeable at this time.

### III.

The plaintiff asserted that the attorney's fees and costs incurred by her in the divorce action, which were awarded to her in the judgment of divorce, should be a non-dischargeable debt. The court withheld ruling on this issue and requested that an itemization of the fees and expenses be submitted by the plaintiff's attorney.

 Within the Fifth Circuit, an attorney's fee award granted in a divorce judgment *may* be non-dischargeable in a subsequent bankruptcy case if the attorney's fees form part of an overall economic arrangement to provide the non-debtor spouse with needed support. In *Joseph v. O'Toole (In re Joseph)*, 16 F.3d 86 (5th Cir.1994), Attorney J. Huey O'Toole represented Jean Joseph in a divorce proceeding filed in Harris County, Texas, against her husband, Dr. Philmore J. Joseph. O'Toole expended significant time and effort in obtaining a temporary support award and, ultimately, a divorce. decree. Following an appeal by Dr. Joseph, the divorce decree was reversed and remanded. At a subsequent hearing, the court granted a divorce with terms very similar to the decree which had been appealed. However, because the second divorce decree did not address the issue of O'Toole's fees, the court rendered a separate judgment against Dr. Joseph for O'Toole's fees. Dr. Joseph filed a voluntary Chapter 7 petition for bankruptcy. O'Toole filed a complaint seeking to have his judgment for attorney's fees declared non-dischargeable. The bankruptcy court held that the attorney's fee judgment formed a part of the overall support award granted to Mrs. Jo-

---

**1.** All subsequent statutory citations are to the United States Bankruptcy Code unless other-

wise indicated.

seph and, therefore, determined that the fee award was non-dischargeable. The district court affirmed. On appeal to the Fifth Circuit, Dr. Joseph argued that only those attorney's fees directly attributable to an award of support should be non-dischargeable. The Fifth Circuit disagreed and held as follows:

An attorney's fee award granted pursuant to a divorce decree does not elude discharge because it tangentially relates to an award of support and maintenance; rather, the attorney's fee award is deemed non-dischargeable if the award itself reflects a balancing of the party's financial needs.

*Id.* at 88.

The court went on to suggest that the factors, which should be examined in balancing the party's financial needs, include the disparity in the earning power of the parties and the probable future need for support. In applying these factors to Dr. Joseph's obligation to pay the attorney's fees incurred by his former spouse, the court found that the award of attorney's fees was in the nature of alimony, maintenance and support and was, therefore, non-dischargeable.

This court reviewed closely the judgment of divorce entered by the DeSoto County Chancery Court to determine if the award of attorney's fees to the plaintiff reflected a balancing of the party's financial needs. Paragraph 13 of the judgment of divorce was informative:

13. In accordance with the factors set forth in *Martin v. Martin,* the court determines that the wife is entitled to an award of reasonable legal fees. Counsel for wife will be granted leave to reopen for the purpose of submitting an itemization of the legal fees incurred. A specific award shall be made at that time. All costs are assessed to the husband.

Although no citation was given for *Martin v. Martin,* this court found a published Mississippi Supreme Court opinion bearing the same name dated August 8, 1990. In *Martin v. Martin,* 566 So.2d 704 (Miss. 1990), the court found that the determination of attorney's fees to be awarded in a divorce case is a matter entrusted to the sound discretion of the chancellor. In the opinion, the Supreme Court addressed the chancellor's failure to award attorney's fees to Nancy B. Martin in her divorce proceeding against her former husband. The court noted that the chancellor had found that both parties were equally vested with property, as well as, that the respective incomes of both parties and the ability to earn income were practically the same. The court then held that if a party is financially able to pay his or her attorney, an award of attorney's fees is not appropriate. *Martin v. Martin,* 566 So.2d 704, 707 (Miss.1990). Accordingly, the assignment of error regarding the failure of the chancellor to award attorney's fees was rejected by the Mississippi Supreme Court.

Returning to the language contained in the judgment of divorce rendered by the DeSoto County Chancery Court, this court observes that the chancellor specifically found that the plaintiff herein was entitled to an award of reasonable legal fees in accordance with the factors set forth in *Martin v. Martin.* Awarding attorney's fees against the debtor after citing *Martin v. Martin* indicates that the chancellor believed that the plaintiff was financially unable to pay her attorney. This in turn indicates that the chancellor conducted a balancing of the parties' respective financial needs in making the award. Accordingly, this court finds that the award of attorney's fees in the sum of $8,500.00, plus costs in the sum of $122.00, are in the nature of support as contemplated by

§ 523(a)(5). Therefore, the total of $8,622.00, is non-dischargeable in this bankruptcy case.

An order will be entered accordingly.