

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-24-00047-CV

———————————————————

LAUREN FLODQUIST, Appellant

V.

CHRISTON GRIFFIN, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 21-11362-442

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Lauren Flodquist (Wife) appeals from a divorce decree dissolving her marriage to Appellee Christon Griffin (Husband). In a single issue, Wife argues that the trial court erred by classifying the $38,306 judgment for attorney's fees awarded to Husband's attorney under the divorce decree as a "domestic support obligation" for purposes of the United States Bankruptcy Code. *See generally* 11 U.S.C. §§ 101–1532. We will affirm.

## I. BACKGROUND

Husband and Wife were married in September 2021. Wife filed a petition for divorce in December 2021. Husband filed a counterpetition in November 2023. In his counterpetition, Husband alleged that Wife had committed adultery and requested a judgment against her for attorney's fees, expenses, and costs. He further requested that the judgment for attorney's fees, expenses, and costs be considered a domestic support obligation for bankruptcy purposes.

Following a bench trial, the trial court granted the divorce based on Wife's adultery. As part of its division of the community estate, the trial court awarded Husband $38,306 in attorney's fees. The divorce decree granted Husband's individual attorney and his law firm a judgment against Wife in this amount and specifically provided that the award of attorney's fees was to be "considered a domestic support obligation as defined in the United States Bankruptcy Code." This appeal followed.

## II. DISCUSSION

In a single issue, Wife argues that the trial court erred by classifying the judgment awarded to Husband's counsel for attorney's fees as a domestic support obligation for purposes of the Bankruptcy Code.[1] We disagree.

The Bankruptcy Code exempts from discharge "any debt . . . for a domestic support obligation." 11 U.S.C. § 523(a)(5). In addition, allowed unsecured claims for domestic support obligations are entitled to priority treatment. *Id.* § 507(a)(1). As

[1]Presumably to sidestep the question of error preservation, Wife frames her sole issue as a complaint regarding the legal sufficiency of the evidence. *See* Tex. R. App. P. 33.1(d) ("In a civil nonjury case, a complaint regarding the legal . . . insufficiency of the evidence . . . may be made for the first time on appeal."). But Husband contends that Wife's sole issue is really a statutory-construction argument that she failed to preserve. Because Wife's appellate argument is based solely on the Bankruptcy Code's definition of the term domestic support obligation, we agree with Husband that it is, in substance, one of statutory construction, not evidentiary sufficiency, and we will treat it as such. *See In re Commitment of West*, No. 05-20-00604-CV, 2022 WL 2071789 at *1 (Tex. App.—Dallas June 9, 2022, no pet.) (mem. op.) (recognizing that appellant's legal-insufficiency complaint was really a "statutory construction argument" and treating it accordingly); *see also Williams v. Hous. Firemen's Relief & Ret. Fund*, 121 S.W.3d 415, 442 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (op. on reh'g) (Taft, J., concurring and dissenting) (concluding that because retirement fund's personal-service-credit determination "involved a statutory construction that was applied to undisputed material facts," the appellant's purported legal-insufficiency complaint was really one of statutory construction); *cf. Yates v. State*, No. 05-09-01214-CR, 2011 WL 2176654, at *4 (Tex. App.—Dallas June 6, 2011, pet. ref'd) (mem. op., not designated for publication) (holding that appellant's purported legal-insufficiency argument was actually an unpreserved statutory-construction issue). But because we overrule Wife's sole issue on the merits, we need not decide whether she properly preserved her complaint. *See In re A.A.*, 670 S.W.3d 520, 525 n.13 (Tex. 2023); *cf. Goodyear Tire & Rubber Co. v. Rogers*, 538 S.W.3d 637, 644–45 (Tex. App.—Dallas 2017, pet. denied) (overruling appellant's legal-insufficiency argument on the merits even though it appeared that appellant had failed to preserve the issue).

defined in the Code, a domestic support obligation includes a debt owed to a former spouse that is in the nature of alimony, maintenance, or support.  *Id.* § 101(14A).

Relying on *Loe, Warren, Rosenfield, Katcher, Hibbs, & Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761 (Bankr. N.D. Tex. 2007), Wife asserts that because the judgment for attorney's fees is payable to Husband's attorney, not Husband, it cannot be classified as a domestic support obligation under the Bankruptcy Code.  But since *Brooks* was decided, the majority of courts addressing this issue have held that an award directly to an attorney in a divorce decree can qualify as a domestic support obligation.  *See In re H.D.V.*, No. 05-15-00421-CV, 2016 WL 4492702, at *9 (Tex. App.—Dallas Aug. 26, 2016, pet. denied) (mem. op.) (citing *In re Tepera*, No. 11-80477-G3-13, 2012 WL 439257, at *2 (Bankr. S.D. Tex. 2012)); *see also Morris v. Allen (In re Morris)*, 454 B.R. 660, 663 (Bankr. N.D. Tex. 2011) (declining to follow *Brooks* because in determining whether a debt qualifies as a domestic support obligation, "the true focus . . . is on the nature of the debt and not to whom the debt is owed" and pointing out that "[t]he majority of cases since *Brooks* have rejected the literal interpretation of section 523(a)(5) . . . and have expanded the statutory language to cover the attorneys of the former spouse" (citing *In re Koscielski*, No. 10-A-96056, 2011 WL 338634, at *1 (Bankr. N.D. Ill. Jan. 31, 2011))).

Wife also argues that the award of attorney's fees cannot be classified as a domestic support obligation because it "has nothing to do with child custody (or alimony)."  But attorney's fees need not be directly tied to a child-custody dispute or

4

an alimony award to qualify as a nondischargeable domestic support obligation. *See Hutton v. Ferguson (In re Hutton)*, 463 B.R. 819, 828 (Bankr. W.D. Tex. 2011) (holding that an award of attorney's fees qualifies as a nondischargeable domestic support obligation if it "reflects a balancing of the parties' financial needs" (quoting *Joseph v. O'Toole (In re Joseph)*, 16 F.3d 86, 88 (5th Cir. 1994))). Rather, whether an award of attorney's fees constitutes a domestic support obligation "depends on the court's intent in making the award." *See id.* (first citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 n.3 (8th Cir. 1992); and then citing *Pino v. Pino (In re Pino)*, 268 B.R. 483, 489 (Bankr. W.D. Tex. 2001)).

Here, by explicitly providing in the divorce decree that the award of attorney's fees constituted a domestic support obligation as defined by the Bankruptcy Code, the trial court made its intent clear. And given the authorities cited above, we cannot conclude that the trial court erred by declaring the attorney's fees to be a domestic support obligation. *See H.D.V.*, 2016 WL 4492702, at *9.

We overrule Wife's sole issue.

### III. CONCLUSION

Having overruled Wife's sole issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: October 10, 2024

5