DUHÉ, Circuit Judge:
 

 Jean Dvorak appeals the district court’s affirmation of the bankruptcy court’s determination that attorney’s fees incurred during the custody battle over Jean Dvorak’s daughter are a non-dischargeable
 
 *941
 
 debt under Chapter 7 of the Bankruptcy Code. We affirm.
 

 I.BACKGROUND
 

 After the dissolution of her marriage to Wesley Rich, Appellant Jean Dvorak (Appellant) sought custody of their daughter, Brandi Rich. During the ensuing child custody litigation in state court, Wesley Rich was represented by attorney Barbara Fritz, and attorney Roland Carlson was appointed by the state court as Brandi Rich’s guardian ad litem. After a jury trial, the state court terminated Appellant’s parental rights, awarded custody to Wesley Rich, and ordered Appellant to pay fees charged by Barbara Fritz and a portion of fees charged by Roland Carlson as guardian ad litem.
 

 Appellant appealed to the state appellate court, and her appeal was dismissed. Shortly thereafter, she filed for relief under Chapter 7 of the Bankruptcy Code. Appellees Barbara Fritz and Roland Carlson then filed a complaint in bankruptcy court seeking to declare as non-dischargea-ble under Bankruptcy Code § 523(a)(5) Appellant’s court-ordered obligation to pay them.
 
 [1]
 

 The bankruptcy court concluded that the court-ordered payment of attorneys’ fees incurred in post-divorce/child custody litigation should be recognized as child support, and therefore non-dischargeable under § 523(a)(5). In reaching this conclusion the bankruptcy court relied on
 
 In re Snider,
 
 62 B.R. 382 (Bankr.S.D.Tex.1986) (visitation is sufficiently related to child support so as to render the award of attorney’s fees as non-dischargeable under § 523(a)(5)), and
 
 In re Laney,
 
 53 B.R. 231 (Bankr.N.D.Tex.1985) (fees awarded in domestic litigation should be recognized as alimony, maintenance, or child support and therefore non-dischargeable). The district court subsequently affirmed the bankruptcy court’s decision.
 

 II. STANDARD OF REVIEW
 

 We review findings of fact under the clearly erroneous standard, but are free to review conclusions of law
 
 de novo. In re Consolidated Bancshares,
 
 785 F.2d 1249, 1252 (5th Cir.1986) (citing
 
 Richmond Leasing Co. v. Capital Bank, N.A.,
 
 762 F.2d 1303, 1307-08 (5th Cir.1985)).
 

 III. ANALYSIS
 

 The issue we review is a narrow issue of law: whether Appellant’s court-ordered obligation to pay fees charged by Barbara Fritz and a portion of fees charged by Roland Carlson as guardian ad litem is considered child support, and therefore non-dischargeable under 11 U.S.C. § 523(a)(5). Having carefully considered the relevant case law, we conclude that the bankruptcy court and district court correctly determined that Appellant’s debt is non-dischargeable.
 

 Section 523(a)(5) does not discharge a debtor from any debt for support of his or her child, if that debt is in connection with a court order. 11 U.S.C. § 523(a)(5). Barbara Fritz, representing Wesley Rich, and Roland Carlson, as Brandi Rich’s guardian ad litem, supplied services during the child custody hearing of Brandi Rich. That hearing was clearly for Brandi Rich’s benefit and support, as the purpose of the hearing was to determine who could provide the best home for her.
 
 See In re Laney,
 
 53 B.R. at 233. The state court subsequently ordered Appellant to pay fees charged by Barbara Fritz and a portion of fees charged by Roland Carlson.
 

 Because the fees charged by Appellees were incurred during a court hearing that was for Brandi Rich’s benefit and support, and because the state court then ordered the fees to be paid by Appellant, we conclude that the fees constitute a non-dis-chargeable debt under § 523(a)(5).
 

 
 *942
 
 IV. CONCLUSION
 

 For the foregoing reasons, the district court’s order is AFFIRMED.
 

 [1]
 

 . 11 U.S.C. i 523(a)(5) provides in pertinent part: “[a] discharge under ... this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record.... ”