**In re Daniel L. MARX, Debtor.**

**Patti POLLOCK, Plaintiff,**

**v.**

**Daniel L. MARX, Defendant.**

**Bankruptcy No. 394–31121–HCA–7.**
**Adv. No. 394–3360.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 23, 1994.

Charles R. Chesnutt, Dallas, TX, for debtor/defendant.

Harold B. Gold, Scher & Gold, L.L.P., Dallas, TX, for plaintiff.

Henry Seals, Chapter 7 Trustee, Fort Worth, TX.

## *MEMORANDUM OPINION REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing on the 16th day of August, 1994, the Plaintiff's Motion for Summary Judgment, filed July 22, 1994 ("Motion"). The Motion was fully briefed and argued by the parties' counsel at the hearing.

### *Background*

The above-captioned adversary proceeding seeks the Court's determination that certain debts owed by the Debtor to the Plaintiff are nondischargeable under 11 U.S.C. § 523. The Motion focuses on one of those debts, *i.e.*, an arbitration award for $125,760.

The $125,760 award resulted from the arbitration of a dispute between Patti Pollock and the Debtor, her ex-husband. Both parties appeared at the arbitration. Ms. Pollock was represented by counsel; Mr. Marx was not. The arbitrator, Patrick McCall, found that "the acts of Defendant, Daniel Marx, in directing complaints, both verbally and in writing, to the State of California Department of Social Services, Day Care Licensing, were done for the sole purpose of injuring Plaintiff, Patti Pollock, in relation to her day care business. The complaints, all of which were found to be unsubstantiated, were made without investigation by the Defendant, to determine the truth or correctness of the facts underlying such complaints. In fact, said complaints made by the Defendant were false." The Motion for partial summary judgment seeks this Court's determination that Mr. McCall's findings must be given collateral estoppel effect for purposes of determining that the award is "a debt for willful and malicious injury by the debtor to another entity or to the property of another entity" and therefore nondischargeable under 11 U.S.C. § 523(a)(6).

### *Jurisdiction*

This adversary proceeding to determine the dischargeability of particular debts is a core bankruptcy proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A), –(I), and –(O).

### *Summary judgment standards*

Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56. Material facts are those that will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 247, 106 S.Ct. at 2509–10. A genuine dispute requires more than a metaphysical doubt; there must be an issue for trial. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. Once the moving party for summary judgment shows the absence of a material factual dispute, the burden shifts to the nonmoving party to designate specific facts establishing an issue for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552.

### *Collateral estoppel effect of arbitral findings*

A prior state-court judgment may bar discharge of the debt evidenced by that judgment if (1) the law of the state where the judgment was rendered would give preclusive effect to the judgment and (2) under federal law, no exception to the full faith and credit statute, 28 U.S.C. § 1738, applies. *Crain v. Limbaugh (In re Limbaugh),* 155 B.R. 952, 956 (Bankr.N.D.Tex.1993) (McGuire, B.J.), citing *Cardenas v. Stowell (In re Stowell),* 113 B.R. 322 (Bankr. W.D.Tex.1990) (Kelly, B.J.). Other relevant considerations are whether the record of the prior proceeding meets the federal test for the application of collateral estoppel; whether the prior proceeding was conducted in such a manner as to predetermine dischargeability issues; and whether each component of the judgment debt should be excepted from discharge. *See Haile v. McDonald (In*

re McDonald), 73 B.R. 877, 879–80 (Bankr. N.D.Tex.1987); *Dodson v. Church (Matter of Church)*, 69 B.R. 425 (Bankr.N.D.Tex.1987).

### State law

 Under California law, "collateral estoppel precludes relitigation of issues argued and decided in prior proceedings" and applies only if five requirements are fulfilled:

(1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

(2) The issue must have been actually litigated in the prior proceeding;

(3) The issue must have been necessarily decided in the prior proceeding;

(4) The party against whom the preclusion is sought must be the same as, or in privity with, the party to the former proceeding; and

(5) The decision in the prior proceeding must be final and on the merits.

*Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 769, 795 P.2d 1223, 1225 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991). The Court finds that all five requirements have been met here.

First, the issues sought to be precluded from relitigation are whether the Debtor made false complaints about Ms. Pollock to the California Department of Social Services, whether he did so willfully and maliciously, and whether (and in what amount) Ms. Pollock suffered damages as a result. These are precisely the issues involved in Ms. Pollock's dischargeability complaint under § 523(a)(6).

Second, these issues were actually litigated in the arbitration proceeding, *i.e.,* the arbitrator's award was entered after contested arbitration proceedings and not by consent or default. This requirement does not appear to be disputed by the parties, although the Debtor does argue that the issues *should not have been* arbitrated because he did not consent to arbitration or because he should have won dismissal on *res judicata* grounds. This argument cannot abrogate the fact that the arbitrator nevertheless did actually decide the issues after contested arbitration proceedings in which both parties participated.

Third, the relevant issues were necessarily decided in the prior proceeding. One of these relevant issues was whether the arbitrator's consideration of the merits of the case was barred by *res judicata.* Specifically, the Debtor argues that Commissioner Betty J. Farrell of the California Superior Court for Orange County entered a certain order dated May 3, 1991, which read in pertinent part as follows:

> Petitioner [Ms. Pollock] has requested a court order that respondent [Mr. Marx] pay damages or restitution to petitioner for the loss of day care income she has suffered, which she ascribes to respondent's interference with her day care facility. The Court finds that many of the alleged incidents of interference occurred prior to the date of the trial on or about September 28, 1988. Any issues involving matters which occurred prior to the trial date should have been resolved at trial. As to events which have occurred since that date, the Court does not find, based upon the evidence before it, that respondent was responsible in whole or in part for the alleged loss of earnings....

However, the Debtor does not contradict, or point to any genuine issue of material fact regarding, the Plaintiff's evidence that the Debtor raised the *res judicata* issue with the Superior Court shortly before the arbitration proceeding was held. The Court must conclude that the *res judicata* issue was necessarily and actually litigated in the Superior Court lawsuit or the arbitration proceeding, and that the Superior Court and/or the arbitrator found in favor of Ms. Pollock on that issue.

Fourth, it is undisputed that the party against whom the preclusion is sought, Daniel Marx, was a party to the former proceeding.

 Finally, the arbitrator's decision in the prior proceeding was final and on the merits. The Debtor asserts that the arbitrator's decision cannot be "final" for issue-preclusion purposes because no California court has confirmed it. *See* Cal.Civ.Proc.

Code § 1285 ("Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."); Cal.Civ.Proc.Code § 1287.4 ("If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."). However, the Debtor's own case authority contradicts his argument.

In a case attached to an "Outline for Argument" that Debtor's counsel submitted (very tardily) to the Court at the August 16 hearing, a California Court of Appeal explains:

> Although it is true that an arbitration award is not a judgment having the same force and effect as a judgment in a civil action until it is confirmed, ... it is, nevertheless, the final and binding decision or judgment of the arbitrator in the exercise of his quasi-judicial function to determine the disputed matters referred to him by the parties to the submission. * * * **It is a recognized principle that an arbitration award is conclusive on matters of fact and law.** * * * **[W]e conclude that the essential adjudication in an arbitration proceeding is the award.** The function of the court is limited to confirming the award as made, or to correct and confirm it as corrected, or to vacate it within the limitations and as provided by the statutes.

*Trollope v. Jeffries,* 55 Cal.App.3d 816, 128 Cal.Rptr. 115, 119–20 (1976) (emphasis added; citations omitted). Following *Trollope,* another California Court of Appeal has held that an unconfirmed arbitration award should have *res judicata* effect in appropriate circumstances, *i.e.,* when the parties to the prior arbitration are the same as, or situated similarly to, the parties against whom claim preclusion is sought. *Thibodeau v. Crum,* 4 Cal.App.4th 749, 6 Cal.Rptr.2d 27 (1992).

Such a result is eminently logical in this case. On June 10, 1992, both parties' attorneys signed a stipulation wherein they agreed to refer the *Pollock v. Marx* lawsuit, originally filed in the California Superior Court, to binding arbitration. Under these circumstances, the arbitrator acts as a "private extraordinary judge chosen by the parties," *Trollope,* 128 Cal.Rptr. at 120, and a reviewing California court is strictly confined by statute to limited powers of confirmation, correction, or vacation of the award. But the Debtor chose *not* to ask a California court to vacate the arbitration award. Instead, he filed a Chapter 7 petition in this Court and now seeks to attack the award by arguing that a California court would have vacated it. The Debtor says he is entitled to have the arbitration award vacated because he did not consent to the referral to binding arbitration and because, under California law, an attorney cannot bind his client to an agreement for arbitration "merely by virtue of his employment as [the client's attorney]." *Blanton v. Womancare, Inc.,* 38 Cal.3d 396, 212 Cal.Rptr. 151, 158, 696 P.2d 645, 653 (1985).

■ Be that as it may—and the Debtor has produced no evidence, other than a conclusory affidavit, that he did not consent to arbitration—the Debtor may not so easily attack his arbitration agreement in the federal forum he has chosen, where federal procedural rules apply. *See* Fed.R.Bankr.P. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code."); *Windsor Communications Group, Inc. v. Grant,* 75 B.R. 713, 732–33 (E.D.Pa.1985) (Federal Rules of Bankruptcy Procedure apply in both "core" and "non-core" proceedings, *i.e.,* in "all proceedings having a nexus to a bankruptcy case, including proceedings arising under, arising in, and related to bankruptcy cases"). *See also Resolution Trust Corp. v. Northpark Joint Venture,* 958 F.2d 1313, 1316 (5th Cir. 1992), *cert. denied sub nom. Dannis v. Resolution Trust Corp.,* —— U.S. ——, 113 S.Ct. 963, 122 L.Ed.2d 120 (1993) ("Federal procedure governs the enforcement of a prior state court order in a case removed to federal court"); *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890, 895 (5th Cir. 1984) ("Once a state court action is removed, it is governed by federal, rather than state, procedure"). In this Court, as in all federal courts, a client is unquestionably held accountable for the acts and omissions of his

chosen counsel, even if it means the dismissal of his lawsuit because of the attorney's negligence. *Pioneer Investment Services Co. v. Brunswick Assoc. L.P.,* —— U.S. ——, ——, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

For all these reasons, the Court concludes that the arbitrator's award is sufficiently "final" for collateral estoppel purposes under California law.

### Federal law

"As part of the 'federal test,' bankruptcy courts in this District are required to examine the judgment rendered in the prior proceeding, together with the subsidiary facts actually litigated and necessarily decided, to determine whether the record contained sufficiently detailed facts and findings to supply each of the elements of a § 523(a) claim." *Crain v. Limbaugh (In re Limbaugh),* 155 B.R. 952, 956 (Bankr.N.D.Tex.1993).

According to Mr. McCall's unambiguous findings, the arbitration award was for "willful and malicious injury" to Ms. Pollock and her day-care business within the meaning of § 523(a)(6). Mr. McCall found, essentially, that the Debtor's acts in lodging false public complaints against Ms. Pollock were wrongful and intentional; that they necessarily caused harm to Ms. Pollock; and that they were without just cause or excuse. *See Chrysler Credit Corp. v. Perry Chrysler Plymouth,* 783 F.2d 480, 486 (5th Cir.1986). The Debtor's counsel conceded as much at the August 16 hearing.

▉ The Court further concludes that no federal policy precludes the application of collateral estoppel to bar dischargeability of the debt at issue here. *See Limbaugh* at 958 (listing authorities for the proposition that "both the United States Supreme Court and the Fifth Circuit have upheld that issue preclusion may apply in the dischargeability context where the traditional tests for preclusion

are met"). There is no evidence that the arbitration was "skewed with the specific intention to obtain a non-dischargeable judgment"; the willful and malicious acts of the Debtor were "the essence of the prior state court proceedings, and the record shows that the issues were vigorously contested by the Debtor." *Dodson v. Church (Matter of Church),* 69 B.R. 425, 431 (Bankr.N.D.Tex. 1987). No "special circumstances" exist that would render preclusion inappropriate or unfair in this case.[1] Finally, the Fifth Circuit has affirmatively answered the question of whether arbitral findings may be the subject of collateral estoppel. *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131, 1137 (5th Cir.1991).

The arbitrator's $125,760–plus award consists of the following components:

| | |
|---|---|
| Special damages | $30,960 |
| Damages for intentional infliction of emotional distress | 30,000 |
| Punitive damages | 64,800 |
| "Costs, including the Arbitrator's fee" (unliquidated) | * |
| Total | $125,760 + |

This Court has previously held that "punitive damages ... are not a debt for fraud or for a willful and malicious injury" and, therefore, should not be included as part of a nondischargeable debt. *Haile v. McDonald (In re McDonald),* 73 B.R. 877, 882 (Bankr. N.D.Tex.1987). However, most courts now hold that *all* debts, including statutory or punitive damages and legal fees, which "flow from the debtor's willful and malicious conduct" are nondischargeable. *See, e.g., Stokes v. Ferris,* 150 B.R. 388, 393 (W.D.Tex.1992) (listing cases).

### Conclusion

No genuine issue of material fact remains for trial of the issue raised in the plaintiff's Motion for partial summary judgment. The arbitration award signed by Patrick McCall

---

1. The Fifth Circuit's requirements for application of collateral estoppel are:
 (1) That the issue under consideration be identical to the issue previously litigated;
 (2) That the issue was fully and vigorously litigated in the prior proceeding;
 (3) That the previous determination of the issue was necessary for the judgment in the prior proceeding; and

 (4) That no special circumstances exist that would render preclusion inappropriate or unfair.

 *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131, 1136 (5th Cir.1991). Requirements (1) through (3) have been considered *supra* in the Court's analysis of California collateral estoppel principles.

on February 17, 1994, collaterally estops the Debtor from relitigating the issue of "willful and malicious injury" under 11 U.S.C. § 523(a)(6) in this Court. The Motion shall therefore be granted.