United States Court of Appeals,
Fifth Circuit.

No. 93-8547.

Thomas DANIELS, Plaintiff-Appellant,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant-Appellee.

Oct. 17, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD and EMILIO M. GARZA, Circuit Judges, and NOWLIN, District Judge.[1]

PER CURIAM:

Plaintiff-Appellant Thomas Daniels appeals the district court's dismissal of his claims on collateral estoppel grounds, based on a prior state court judgment. Daniels alleges that his present claims are not barred by collateral estoppel, and that to deny his claims on collateral estoppel grounds violates his due process rights.

I. *FACTS AND PROCEDURAL HISTORY*

A. *Proceedings in State Court*

As part of a settlement for a prior personal injury claim, Plaintiff/Appellant Thomas Daniels ("Daniels"), became the beneficiary of an annuity issued by Defendant/Appellee Equitable Life Assurance Society ("Equitable"). The terms of this annuity provided for monthly payments of $1,000 to Daniels for life on the sixteenth of every month, and for lump sum payments of $50,000 on November 16, 1990, $75,000 on November 16, 1995, and $100,000 on November 16 of the year 2000.

On October 1, 1990, Pecan Valley Ranch, Inc. ("Pecan Valley") obtained a deficiency judgment for $57,934 plus interest against Daniels in the state district court for Kerr County, Texas, following foreclosure on Daniels' home. Shortly thereafter, on October 4, 1990, Pecan Valley applied

---

[1]District Judge of the Western District of Texas, sitting by designation.

for and received a writ of garnishment against Daniels and Equitable in the Kerr County court.

On November 11, 1990, following receipt of the writ of garnishment, Equitable stopped payment on the $51,000 check, dated November 16, 1990, which had been already mailed to Daniels pursuant to the annuity. Unaware of the stop-payment, Daniels cashed the check in part, placed the remainder in his checking account and wrote several checks on that account. These checks were later dishonored for insufficient funds.

On November 30, 1990, the Kerr County court denied Daniels' motion to quash the writ and entered judgment directing Equitable to pay to Pecan Valley the $50,000 lump sum benefit that was due on November 16, 1990, and to continue to pay the future benefits owing to Daniels, to Pecan Valley until the October 1, 1990 judgment was satisfied.

On December 3, 1990, Daniels filed another lawsuit (the instant action) in Bexar County state district court. In this cause of action, Daniels sued Equitable for stopping payment on the $51,000 check, seeking actual and exemplary damages for breach of the annuity contract, conversion, failure to raise certain defenses in the garnishment proceeding, and intentional and negligent infliction of emotional distress. Daniels also received an *ex parte* temporary restraining order which required that Equitable release the stop payment order as to the $51,000.

On December 18, 1990, the Bexar County court issued a temporary injunction to release the stop payment order. That same day, the Kerr County court set aside the November 30, 1990 judgment in favor of Pecan Valley, and ordered a new trial in the garnishment proceeding. The Kerr County order conditioned the new trial upon Equitable's depositing the disputed annuity funds in the registry of the court. A second writ of garnishment was issued in the Kerr County proceeding on January 11, 1991.

On December 20, 1990, the Bexar County action was removed to federal court in San Antonio. The federal court vacated the temporary injunction and stayed the case pending the resolution of the Kerr County action.

On December 26, 1990, Equitable filed a petition in interpleader in the Kerr County action, requesting that Pecan Valley and Daniels interplead their conflicting claims to the funds.

On March 19, 1991, following a bench trial on the merits, the Kerr County court entered a judgment in favor of Pecan Valley and Equitable. This judgment was affirmed (except as to the award of attorneys' fees to Equitable) by the San Antonio Court of Appeals. *See Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372 (Tex.App.—San Antonio 1992, writ denied). Both Daniels' application for writ of error to the Texas Supreme Court and his petition for writ of certiorari to the United States Supreme Court were denied.

B. *Proceedings in Federal Court*

As noted above, Equitable removed the second lawsuit brought in Bexar County state court (the case at bar) to the federal court in the Western District of Texas. The action was then stayed pending the final disposition of the Kerr County action. On June 1, 1992 the federal district court below lifted the stay in the instant action. Equitable moved for dismissal or, alternately, for summary judgment, on the grounds that the prior state court judgment in the Kerr County proceedings barred the subsequent litigation on the grounds of *res judicata* or collateral estoppel.

The magistrate judge filed a Report and Recommendation recommending that the case be dismissed on the basis of collateral estoppel. The district court adopted the magistrate judge's Report and Recommendation and granted Equitable's motion to dismiss or alternatively, for summary judgment, on the basis of collateral estoppel.

## II. *ANALYSIS*

A. *Collateral Estoppel Generally*

On appeal, Daniels contends that the court below erred in its determination that the judgment in the Kerr County court bars his present claims on collateral estoppel grounds, and that the application of collateral estoppel to his cause of action denies him due process.

In the instant action, Daniels brought suit against Equitable for conversion, breach of contract, failing to raise Daniels' procedural defenses in the garnishment action, failing to realize that the $51,000 check was not subject to the writ of garnishment, and intentional and/or negligent infliction of emotional distress. Daniels claims that these issues either were not presented for judicial determination in the Kerr County proceeding, or that they were not essential or necessary to the prior

judgment.

In the Kerr County action, Daniels alleged that (1) the funds were exempt from garnishment; (2) the funds were not a debt owed to Daniels by Equitable; (3) the funds were not attached by the writ of garnishment; and (4) Equitable was not entitled to interplead. The Kerr County court rejected each of these defenses and entered a judgment in favor of Pecan Valley and approving of Equitable's interpleader. Based on the resolution of these claims and the issues underlying them, it appears that the district court properly determined the present cause of action is barred on collateral estoppel grounds.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given under the law of the state in which judgment was rendered. *See A.L.T. Corporation v. Small Business Administration,* 801 F.2d 1451, 1455 (5th Cir.1986); *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Accordingly, pursuant to the statute, this Court is required to give the Texas judgment rendered by the Kerr County court the same preclusive effect as it would have in a Texas court. *Matter of Troy Dodson Const. Co., Inc.,* 993 F.2d 1211, 1214 (5th Cir.1993); *Matter of Brady, Texas Mun. Gas Corp.,* 936 F.2d 212, 217 (5th Cir.), *cert. denied* --- U.S. ----, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991).

B. *Texas Collateral Estoppel Doctrine*

Under Texas law, the doctrine of issue preclusion, or collateral estoppel, "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984); *see also J.M. Muniz, Inc. v. Mercantile Texas Credit Corp.,* 833 F.2d 541, 544 (5th Cir.1987). Once an essential issue is actually litigated and determined, that issue is conclusive in a subsequent action between the same parties, or persons in privity with them, regardless of whether the second suit is based on the same cause of action; collateral estoppel merely precludes the same issues from being reurged. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985); *Wilhite v. Adams,* 640 S.W.2d 875, 876 (Tex.1982).

In general, a party seeking to invoke the doctrine of collateral estoppel must establish that:

(1) the facts to be litigated in the second action were fully and fairly litigated in the first action;

(2) these facts were essential to the judgment in the first action; and

(3) the parties who litigated the issue were cast as adversaries.

*Mower v. Boyer,* 811 S.W.2d 560, 563 (Tex.1990); *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (1990); *Bonniwell,* 663 S.W.2d at 818.

This Court's task then is to apply these factors and to determine whether the Kerr County judgment bars Daniels' subsequent causes of action.

C. *Application of Texas Collateral Estoppel to Daniels' Claims*

1. No Mutuality Requirement

Addressing the third factor first, under Texas collateral estoppel law, there is not a mutuality requirement for the invocation of the doctrine. Rather, it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation. *Eagle Properties, Ltd., v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990); *Soto v. Phillips,* 836 S.W.2d 266, 270 (Tex.App.—San Antonio 1992, writ denied). In other words, the doctrine applies when a party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.; Tarter v. Metropolitan Sav. & Loan Ass'n,* 744 S.W.2d 926, 927 (Tex.1988). Accordingly, Equitable is not barred from asserting collateral estoppel due to a lack of mutuality or adversarial relationship; it is sufficient that both Equitable and Daniels were both parties in the Kerr County proceeding.

2. Breach of the Annuity Contract

Among the causes of action that Daniels has brought against Equitable in this action is his claim that Equitable breached the annuity contract by stopping payment on the $51,000 annuity check. Daniels argues that this issue was not raised or tried in the Kerr County proceeding. Specifically, Daniels claims that Equitable's stop payment on the November 16 check was a breach of the annuity contract because the first writ had been dissolved, and the second writ did not extend back to November 16.

As part of its judgment, the Kerr County court held that Equitable properly filed an interpleader. Relevant to this holding, and to Daniels' contentions, the Kerr County court found that Equitable was subject to conflicting claims, one from Daniels and one from Daniels' creditor, Pecan Valley.[2] Further, the court found that Equitable was reasonable in thinking that there were rival claims to the same fund or property.[3] Accordingly, the court found that Equitable had a good faith basis for its refusal to pay either Daniels or Pecan Valley in light of the conflicting claims.[4] Finally, the court also found that Equitable had not become independently liable to any of the claimants, including Daniels.[5]

The findings on these issues, which were fully litigated and essential to the Kerr County court's judgment, are wholly inconsistent with Daniels' claim that Equitable was contractually obligated to turn those funds over to him on November 16, 1990.[6] Daniels' reply brief correctly admits that "the Equitable could have eliminated any liability to Daniels by interpleading the annuity funds on or before November 16, 1990." The San Antonio Court of Appeals in effect held that Equitable did not unreasonably delay in filing the interpleader. *Daniels,* at 385. The resolution of these issues by the Kerr County court precludes any subsequent argument that Equitable breached a duty to Daniels by stopping payment on the November 16 annuity check.

3. Conversion

With respect to Daniels conversion claim, the Kerr County Court found that the annuity

---

[2]Finding of Fact No. 24.

[3]Finding of Fact No. 31.

[4]Finding of Fact No. 33.

[5]Finding of Fact No. 27.

[6]Daniels argues that the adoption of Rule 43 of the Texas Rules of Civil Procedure in 1941 removed the element of "no independent liability" from the requirements from interpleader. In support of this contention, Daniels cites *Sears Sav. & Profit Sharing Fund v. Stubbs,* 734 S.W.2d 76, 79 (Tex.App.—Austin 1987, no writ). No reading of *Stubbs* supports this position. Moreover, Texas caselaw decided since the adoption of Rule 43 indicates that interpleader is not allowed when a stakeholder has become independently liable to any of the claimants. *See Farmers State Bank of Meridian v. National Fire Ins. Co. of Hartford,* 169 S.W.2d 545, 549 (Tex.Civ.App.—Waco 1943, no writ).

contract merely created a debt owed by Equitable to Daniels, and to which Daniels had no greater rights than a general creditor.[7] Such a determination forecloses a conversion claim, as Texas law does not support a claim for conversion arising from a failure to pay a debt, nor does Texas law recognize conversion of a non-specified sum of money. *See, e.g., Edlund v. Bounds,* 842 S.W.2d 719, 727 (Tex.App.—Dallas 1992, writ denied); *Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392, 398 (Tex.App.—Dallas 1988, writ denied).

4. Breach of Duty to Raise Defenses

Daniels also claims Equitable breached its duty to raise certain procedural defenses on his behalf as to the annuity funds' exemption from garnishment by Pecan Valley. In this regard, it should be again noted that Daniels was also a party to the state court proceeding, where he raised his own defenses. More importantly, the Kerr County court determined that the funds were not exempt from garnishment, that they were attached by the writ of garnishment, that the funds were properly interpleaded by Equitable, and that Pecan Valley was entitled to them. Daniels has failed to identify any valid defense that Equitable could have raised that would have enabled Daniels to prevail.

Furthermore, under Texas law, an insurance company is entitled to maintain an interpleader suit if there exists a reasonable doubt of either fact or law as to which of the rival claimants is entitled to the proceeds. *See, e.g., Cable Communications Network, Inc. v. Aetna Casualty & Surety Co.,* 838 S.W.2d 947 (Tex.App.—Houston 14th Dist.1992, no writ) ("We find no basis for holding (the insurer) acted in bad faith or breached its contract (to the lessee) by turning to the courts to resolve these serious conflicting monetary claims, rather than adjudicating them at its own risk."). Thus, if the state court found that Equitable's interpleader was appropriate, Equitable cannot now be found to have breached a duty to Daniel by interpleading the funds. Because the state court found that Equitable properly filed its interpleader, Daniels is collaterally estopped from asserting these tort claims in the present cause of action.

---

[7]Conclusions of Law Nos. 5 and 6 (a finding expressly upheld on appeal—See 831 S.W.2d at 381).

5. Intentional infliction of emotional distress[8]

Daniels final claim against Equitable is for intentional infliction of emotional distress, based on the fact that Defendant stopped payment on the $51,000 annuity check.

Texas courts have recently recognized the tort of intentional infliction of emotional distress, adopting the elements set forth in Restatement (Second) of Torts § 46 (1965). *See Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993). To state such a claim, the plaintiff must prove that

(1) the defendant acted intentionally or recklessly;

(2) the conduct was "extreme and outrageous;"

(3) the actions of the defendant caused the plaintiff emotional distress; and

(4) the resulting emotional distress was severe.

*Id.* at 621; *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993).

Outrageous conduct is that which "(goes) beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Wornick,* 856 S.W.2d at 734. (*citing* Restatement (Second) § 46 cmt. d)[9]. Relying further on the Restatement (Second) § 46 and comments contained therein, the Texas Supreme Court has stated: "It is for the court to determine, in the first instance, whether the defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery...." *Id.* (*citing* Restatement (Second) § 46 cmt. h).

The Kerr County court determined that Equitable behaved reasonably and in good faith in not delivering the disputed funds to Daniels. In light of this determination, the court below properly found that Equitable's conduct could not rise to the level of "extreme and outrageous conduct" to support a claim for intentional infliction of emotional distress. The Kerr County court's findings, which were essential to the outcome, preclude a finding that Equitable's actions were so outrageous or extreme as to go beyond all possible bounds of decency. Accordingly, this Court finds that Daniels' claim for intentional infliction of emotional distress is also barred on collateral estoppel

---

[8]Daniels' claim for negligent infliction of emotional distress has been rendered moot by the Texas Supreme Court's decision in *Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993) which abolished such actions.

[9]*See also Dean v. Ford Motor Credit Co.,* 885 F.2d 300, 306 (5th Cir.1989).

grounds.

D. *Daniels' Due Process Claims*

Daniels' final argument, raised for the first time on appeal, is that the application of collateral estoppel to the aforementioned claims violates his right to due process. However, having found that these claims are properly barred under the doctrine of collateral estoppel, this argument is foreclosed. Due process requires that the rule of collateral estoppel operate only against persons who have had their day in court. *Benson v. Wanda Petroleum,* 468 S.W.2d 361, 363 (Tex.1971). Because Daniels was afforded an opportunity to fully litigate these issues previously, he cannot claim that he has been deprived of his due process rights. *See Hardy v. Johns-Manville Sales Corp.,* 681 F.2d 334, 338 (5th Cir.1982).

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the district court granting dismissal or, alternatively, summary judgment, on the basis of collateral estoppel. Because we find that the doctrine of collateral estoppel was properly applied to Appellant Daniels' claims, his due process claims are without merit.

*AFFIRMED.*