In re Scott Wesley **HUDSON**, Debtor.

**RAGGIO & RAGGIO, INC., Plaintiff,**

v.

**Scott Wesley HUDSON, Defendant.**

**Bankruptcy No. 394–34143–HCA–7.
Adv. No. 394–3438.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

May 30, 1995.

Christopher M. Weil, Weil & Petrocchi, P.C., Dallas, TX, for defendant.

Kenneth G. Raggio, Raggio & Raggio, Inc., Dallas, TX, for plaintiff.

### *MEMORANDUM OPINION*

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court the cross motions for summary judgment of the Plaintiff and Defendant. Counsel for the parties appeared at a hearing and presented arguments. The Court allowed the parties to submit additional briefs and allowed the Plaintiff to file a supplemental affidavit. The Court finds it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157. The matter is a core proceeding as it requires a determination of the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

### BACKGROUND

With its summary judgment motion, the Plaintiff seeks a determination that the attorney's fees awarded to Plaintiff in a state court proceeding are not dischargeable pursuant to 11 U.S.C. § 523(a)(5). The proceeding, *In the Interest of Sterling Joy Danielle Markum, A Child,* No. 89–1500–W (D.Tex. 1992), consisted of several hearings, including a jury trial. Several issues were before the court during the state court proceedings, in-

cluding determinations of whether the Defendant was the father of the Sterling Joy Danielle Markum (the "Child"), whether the Defendant committed fraud on the Child, and what amount of child support the Defendant owed the Child. At the conclusion of the proceedings, the court entered a Final Decree ("State Court Judgment"). In the State Court Judgment, the court first concludes that the Defendant is the biological father of the Child. Next, the state court accepts the jury verdict, which includes a finding that the Defendant committed fraud against the Child. The court then issues several directives, including orders on custody, child support, and attorney's fees. One of these orders awarded attorney's fees in favor of the Plaintiff herein, as follows:

> IT IS ORDERED AND DECREED that RAGGIO AND RAGGIO, INC. is awarded judgment against SCOTT WESLEY HUDSON in the amount of $100,000 as reasonable and necessary attorney's fees, same to be taxed as costs, and Respondent, SCOTT WESLEY HUDSON, is ORDERED to pay same directly to Raggio & Raggio, Inc., who may enforce this judgment in its own name, for which let execution issue. All fees awarded in this judgment are and were reasonable and necessary to protect and defend the rights of the child and to provide for the support of the child, and further attributable to the fraud and the intentional (or malicious) conduct of SCOTT WESLEY HUDSON toward the child.

State Court Judgment at 10–11. It is this award of attorney's fees that the Plaintiff requests this Court to find nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Defendant seeks the opposite determination—a determination that the award of attorney's fees is dischargeable.

## SUMMARY JUDGMENT STANDARD

■ Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56. Material facts are those that will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10. A genuine dispute requires more than a metaphysical doubt; there must be an issue for trial. *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1355–56. Once the moving party for summary judgment shows the absence of a material factual dispute, the burden shifts to the nonmoving party to designate specific facts establishing an issue for trial. *Id.* at 587, 106 S.Ct. at 1356.

## PRELIMINARY ISSUES

■ Federal Rule of Civil Procedure 56(e), made applicable in this proceeding by Fed. R.Bankr.P. 7056, requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The Plaintiff attached a copy of the State Court Judgment to its motion for summary judgment and referred to the award of attorney's fees contained in the State Court Judgment in the affidavit attached to the motion. This copy of the State Court Judgment was not certified, however. Rule 56(e) also provides, however, that "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Subsequent to the hearing on the summary judgment motions, the Court permitted the Plaintiffs to file a supplemental affidavit to which the Plaintiff attached a certified copy of the State Court Judgment. Thus, the Court finds that the record includes a properly certified copy of the State Court Judgment.

## DISCUSSION

■ A discharge granted under 11 U.S.C. § 727 of the bankruptcy code does not entitle a debtor to a discharge from any debt to a child for maintenance or support in connection with an order of a court of record. 11 U.S.C. § 523(a)(5). The key question before this Court is whether or not the attorney's fees awarded by the state court constitute "support" for purposes of 11 U.S.C. § 523(a)(5). The Court is to make this determination pursuant to federal bankruptcy

law, and not under state law. *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 277 (5th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995); *Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86, 87 (5th Cir.1994).

The Court of Appeals for the Fifth Circuit has held that attorney's fees awarded by a court during a hearing for the benefit and support of a child are nondischargeable as support under 11 U.S.C. § 523(a)(5). *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir.1993). Texas bankruptcy courts have explained that such fees are nondischargeable because the services provided by the attorney in the proceeding are so "inextricably intertwined" with the welfare of the child during the litigation that it would be unreasonable to characterize the fee award as anything other than as support. *Hill v. Snider (In re Snider)*, 62 B.R. 382, 386 (Bankr.S.D.Tex.1986); *Hack v. Laney (In re Laney)*, 53 B.R. 231, 235 (Bankr.N.D.Tex. 1985).

■ The analysis used by these courts in child support or custody cases differs from the analysis used in § 523(a)(5) proceedings involving orders and agreements entered into during divorce proceedings. In Texas, bankruptcy courts carefully examine property settlements made in divorce proceedings because of the absence of alimony in Texas law. *Dennis*, 25 F.3d at 278. The concern of the federal courts is that, "support in the future [may] play a significant role in the divorce

court's property division and ... what may appear to be a mere division of assets may in fact ... contain a substantial element of alimony-substitute, support or maintenance...." *Joseph*, 16 F.3d at 87, quoting *Nunnally v. Nunnally (In re Nunnally)*, 506 F.2d 1024, 1027 (5th Cir.1975). Thus, when determining whether or not a divorce decree constitutes support or not, the court must consider a number of factors. *See Joseph*, 16 F.3d at 88 (listing factors). In a proceeding regarding the parent-child relationship, outside the context of divorce, however, the ambiguity created by the absence of alimony does not exist. *See Dvorak*, 986 F.2d at 941 (finding attorney's fees awarded in a post-divorce, child-custody hearing were nondischargeable without conducting a factor analysis). In examining the State Court Judgment, the Court finds that it demonstrates that the attorney's fees awarded to the Plaintiff were awarded at a hearing for the benefit and support of the Child. Thus, the fees would constitute nondischargeable support under *Dvorak*.[1] In making this finding, however, the Court is giving collateral estoppel effect to the State Court Judgment, and the Court must examine whether the application of collateral estoppel is appropriate in this case.[2]

### Collateral Estoppel Effect

■ The doctrine of collateral estoppel applies in discharge exception proceedings. *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114 (5th Cir.1993), citing *Grogan v. Garner,*

---

1. The Court also finds that the obligation for attorney's fees are not within the exception provided by 11 U.S.C. § 523(a)(5)(A). Courts in this circuit have refused to find that attorney's fees are dischargeable simply because they are payable directly to an attorney. *Snider*, 62 B.R. at 387 ("[A] debt payable directly to an attorney is non-dischargeable when the court determines that the obligation is in the nature of support."); *see also Joseph*, 16 F.3d at 87 (finding that a state court judgment against both spouses for attorney's fees incurred during a divorce proceeding is nondischargeable when the court determines the debt is in the nature of alimony, maintenance, or support). Further, the fact that the state court proceeding involved a determination of paternity does not affect this Court's determination that the fees were awarded in connection with a suit for the benefit and support of the child. *See infra* discussion at page 747.

2. It is not clear from opinion of the *Dvorak* court what record was before that court, or what record was before the bankruptcy court whose decision the circuit court affirmed. *See* 986 F.2d at 941. The facts reported in the circuit opinion consisted only of a brief recitation of what took place in the state court litigation. *Id.* The key facts relied on by the *Dvorak* court were that the hearing involved a child custody dispute, that the state court awarded fees to the attorneys who supplied services during the hearing, and that the state court ordered those fees to be paid by the debtor. *Id.* This Court notes that, in allowing the state court findings and order to be determinative of the outcome of the 11 U.S.C. § 523(a)(5) proceeding, the Fifth Circuit in *Dvorak* effectively applied the doctrine of collateral estoppel in declining to review the issues determined by the state court.

498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 658 & n. 11, 112 L.Ed.2d 755 (1991). A prior state-court judgment may bar discharge if (1) the law of the state where the judgment was rendered would give preclusive effect to the judgment, and (2) under federal law, no exception to the full faith and credit statute, 28 U.S.C. § 1738 applies. *Pollock v. Marx (In re Marx)*, 171 B.R. 218, 220 (Bankr.N.D.Tex. 1994); *Cardenas v. Stowell (In re Stowell)*, 113 B.R. 322, 327–28 (Bankr.W.D.Tex.1990). The court also must consider whether the record of the prior proceeding meets the federal test for the application of collateral estoppel and whether the prior proceeding was conducted in such a manner as to predetermine the dischargeability issues. *Marx*, 171 B.R. at 220–21, citing *Haile v. McDonald (In re McDonald)*, 73 B.R. 877, 879–80 (Bankr.N.D.Tex.1987).[3]

### Application of State Collateral Estoppel Doctrine

Under Texas law, the doctrine of collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Daniels v. Equitable Life Assurance Society of the United States*, 35 F.3d 210, 213–14 (5th Cir.1994), quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Only the party against whom the doctrine is asserted need have been a party to the prior suit. *Daniels*, 35 F.3d at 214; *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990). As the Plaintiff wishes to assert the doctrine against the Defendant, and the Defendant was a party to the state-court litigation, application of the doctrine against him is appropriate if the facts sought to be litigated in the first action were fully and fairly litigated in the prior action and those facts were essential to the judgment in the first action.[4]

This Court must determine if the issue to be decided in this case was determined in the prior state court case. *Eagle Properties, Ltd.*, 807 S.W.2d at 722. Texas law authorizes a state court to award attorney's fees in any proceeding affecting the parent-child relationship, including suits to determine paternity. Tex.Fam.Code Ann. §§ 11.18(a), 13.42(b) (Vernon 1986 & Supp. 1995). Such suits are for the benefit and support of the child, as they determine who will support the child and where the child will live. *See generally* Tex.Fam.Code Ann. Title 2, Subtitle A (Vernon 1986 & Supp. 1995) (including law governing suits regarding child custody, child support, and paternity). Attorney's fees awarded in suits affecting the parent-child relationship may be awarded as necessities. *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex.App.—Tyler 1991, no writ), citing *Drexel v. McCutcheon*, 604 S.W.2d 430, 434 (Tex.Civ.App.—Waco 1980, no writ); *see also Schwartz v. Jacob*, 394 S.W.2d 15, 21 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) (noting that attorney's fees required to obtain the means to furnish a child with other necessities such as food, clothing, and education also constitute a necessity). Parents have an obligation to provide their children with the necessities of life. Tex.Fam.Code Ann. § 4.02 (Vernon 1993). When paternity is in dispute, a paternity determination, and the attorney's fees associated with it, are necessary to obtain other necessaries for the child. *See* Tex.Fam.Code Ann. § 13.42(a) (Vernon 1986 & Supp.1995) (providing that a court cannot order an al-

---

**3.** In *Davis*, the Fifth Circuit applies only the federal standard of issue preclusion, without discussion of why that standard is appropriate. 3 F.3d at 114. As a result, this Court will follow the two-step analysis discussed by Judge Kelly in *Stowell*, 113 B.R. at 327–28, and will consider the other considerations discussed by this Court in cases such as *Dodson v. Church (In re Church)*, 69 B.R. 425 (Bankr.N.D.Tex.1987). As this discussion includes a determination as to whether the federal standard of issue preclusion is met, the Court feels that its findings comply with the authority of this circuit.

**4.** In addition, collateral estoppel requires a final judgment. Even though the State Court Judgment is on appeal, it is sufficiently final under Texas law for purposes of collateral estoppel. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986) (holding that a judgment is final for the purposes of collateral estoppel despite the taking of an appeal unless the appeal consists of a trial de novo).

leged father who denies paternity to make support payments until paternity is established).

In awarding the Plaintiff attorney's fees, the state court specifically found that the fees were necessary to provide support for the Child and to protect and defend the rights of the Child. State Court Judgment at 10–11. The scant evidence that the Defendant presents to controvert this explicit finding of the state court is an affidavit in which he states that the majority of the time spent in state court was not to provide support for the Child. This Court finds this conclusory opinion does not establish an issue for trial. Based on the foregoing, this Court finds that the state court, in awarding the attorney's fees to the Plaintiff, has already determined that these fees were necessary for the benefit and support of the Child. This issue is the same issue that is before this Court in this adversary proceeding. *See Dvorak,* 986 F.2d at 941.

The Court also finds that the issue litigated was essential to the prior judgment. The state court made a specific finding about the attorney's fees. The state law discussed above clearly authorizes this determination. In addition, the question of what amount of fees would be a reasonable award for the Plaintiff was submitted to the jury, and the jury responded that $100,000 was a reasonable amount of fees. State Court Judgment at 4. As a result, the Court finds that the state court would give preclusive effect to the State Court Judgment. Thus, the Court will now consider whether any policy of federal law precludes this Court from giving estoppel effect to the State Court Judgment.

### Federal Law Considerations

The Fifth Circuit has cautioned that bankruptcy courts may defer to the doctrine of collateral estoppel in discharge exception proceedings only when the first court has made specific factual findings on the identical dischargeability issue in question. *Dennis v. Dennis (In re Dennis),* 25 F.3d 274, 278 (5th Cir.1994), *cert. denied* ——— U.S. ———, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995). The Court will once again note that the state court made an *explicit* finding that the attorney's fees awarded to the Plaintiff were necessary to provide support for the Child and to protect and defend the rights of the Child. State Court Judgment at 10–11. As discussed above, the issue to be determined in this dischargeability proceeding is identical to the issue determined in the state court proceeding, *i.e.* that the attorney's fees were necessary for the benefit and support of the Child. Further, no federal policy precludes application of collateral estoppel to bar dischargeability of this debt. *See Pollock v. Marx (In re Marx),* 171 B.R. 218, 223 (Bankr.N.D.Tex.1994) (citing *Crain v. Limbaugh (In re Limbaugh),* 155 B.R. 952, 958 (Bankr.N.D.Tex.1993) for the proposition that the application of collateral estoppel is appropriate in discharge exception cases when the traditional tests of issue preclusion are met). There is no indication that the litigation in the state court was skewed to obtain a nondischargeable judgment. *Dodson v. Church (In re Church),* 69 B.R. 425, 431–32 (Bankr.N.D.Tex.1987). Finally, no special circumstances exist that would cause this Court to decline applying collateral estoppel in this case. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 329–31, 99 S.Ct. 645, 650–52, 58 L.Ed.2d 552 (1979) (discussing factors that would make the application of offensive collateral estoppel unfair).[5]

### CONCLUSION

As a result of the foregoing discussion, the Court finds that collateral estoppel is appropriate in this case. If the Defendant wishes to challenge the award of attorney's fees, the

---

**5.** The "special circumstances" criteria is the fourth element of the federal test for offensive collateral estoppel. *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131, 1136 (5th Cir.1991). Offensive collateral estoppel is the doctrine which estops the Defendant from relitigating an issue previously litigated and lost by him against a different plaintiff. *Parklane Hosiery Co., Inc.,* 439 U.S. at 329, 99 S.Ct. at 650. The other three requirements for collateral estop-

pel are that (1) the issue under consideration must be identical to the issue previously litigated, (2) the issue must have been fully and vigorously litigated in the prior proceeding, and (3) the previous determination of the issue must have been necessary for the judgment in the proceeding. *Universal American Barge Corp.,* 946 F.2d at 1136. The Court has already found that these three parts of the test are met in its discussion of the state court standard for collateral estoppel.

proper forum for doing so is the state appellate court. The Defendant's affidavit in opposition to the Plaintiff's motion does not raise an issue of material fact that the state court proceeding was not for the benefit and support of the Child. Thus, pursuant to the *Dvorak* standard, the Court grants the Plaintiff's motion for summary judgment, denies the Defendant's motion for summary judgment, and finds that the attorney's fees awarded to the Plaintiff constitute support for purposes of 11 U.S.C. § 523(a)(5) and are therefore excepted from discharge.

### JUDGMENT

Pursuant to the Memorandum Opinion signed by this Court on May 24, 1995, the Court finds that the Defendant's motion for summary judgment is DENIED and the Plaintiff's motion for summary judgment is GRANTED. Accordingly, the attorney's fees awarded by the state court are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).