United States Court of Appeals,

Fifth Circuit.

No. 96-10522

Summary Calendar.

In the Matter of Scott Wesley HUDSON, Debtor.

Scott Wesley HUDSON, Appellant,

v.

RAGGIO & RAGGIO, INC., Appellee.

March 19, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant Scott Wesley Hudson ("Hudson") appeals an order declaring that attorney's fees awarded directly to an attorney in a Texas state court proceeding regarding Hudson's financial responsibilities to his child are excepted from discharge in Bankruptcy pursuant to 11 U.S.C. § 523(a)(5). We affirm.

FACTS AND PROCEEDINGS BELOW

The bankruptcy court granted Appellee, Raggio & Raggio, Inc.'s ("Raggio") motion for summary judgment, declaring that fees awarded directly to the Raggio law firm for representation of Hudson's child's mother in a state court paternity proceeding are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The district court affirmed the bankruptcy court.

The child's mother engaged Raggio to pursue a paternity and support suit in Texas state court. After extended pre-trial

proceedings and a thirteen-day jury trial, the state court entered a final decree finding that Hudson was the father of the child and ordering him to pay certain amounts toward her support. It also included a judgment against Hudson for $100,000 of attorney's fees, payable directly to Raggio. The decree specifically found the fees to be "reasonable and necessary to protect and defend the rights of the child and to provide for the support of the child, and further attributable to the fraud and the intentional (or malicious) conduct of Scott Wesley Hudson toward the child."

## STANDARD OF REVIEW

We review the grant of summary judgment *de novo,* applying the same criteria as the bankruptcy court. *See Waggoner v. Garland,* 987 F.2d 1160, 1163 (5th Cir.1993). Whether a particular debt is a support obligation, excepted from discharge under 11 U.S.C. § 523(a)(5) is a question of federal bankruptcy law, not state law. *Hill v. Snider (In re Snider* ), 62 B.R. 382, 384 (Bankr.S.D.Tex.1986). Plaintiff Raggio has the burden of proving by a preponderance of the evidence that this debt is non-dischargeable. *In re Bradford,* 22 B.R. 899 (Bankr.W.D.Okla.1982). Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start. *Murphy & Robinson Inv. Co. v. Cross (In re Cross),* 666 F.2d 873, 880 (5th Cir.1982).

## IS THE JUDGMENT FOR ATTORNEY'S FEES DISCHARGEABLE?

2

Hudson posits his position as a straightforward application of the plain meaning rule:  the court must interpret an unambiguous statute according to its ordinary and contemporary common meaning. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).  Hudson contends that the plain language of § 523(a)(5) precludes summary judgment for Raggio.  In pertinent part, § 523(a)(5) provides:

> (a) A discharge under ... this title does not discharge an individual debtor from any debt
>
>> (5) To a spouse, former spouse or child of the debtor, for alimony to, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, ... but not to the extent that—
>>
>>> (A) such a debt is assigned to another entity....

Hudson argues that the plain language of § 523(a)(5)(A) does not include the judgment in question because Raggio is not the spouse, former spouse or child of the debtor.  Our precedent precludes this argument.  A court ordered obligation to pay attorney fees charged by an attorney that represents a child's parent in child support litigation against the debtor is non-dischargeable. *Dvorak v. Carlson (In re Dvorak),* 986 F.2d 940, 941 (5th Cir.1993).  Because the ultimate purpose of such a proceeding is to provide support for the child, the attorney fees incurred inure to her benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5). *See id.* Hudson further contends that because the fees are payable directly to Raggio, rather than to the child, the debt is "assigned to another entity" and is therefore dischargeable under subsection

3

(A).  We disagree with Hudson's characterization of the order as an "assignment."  Rather, Raggio supplied a necessary service for the child and Hudson is responsible for paying that fee as part of his support obligation.  *See In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983)("Undertakings by one spouse to pay the other's debts, including a debt to a lawyer for fees, can be "support' for bankruptcy purposes.");  *In re Gwinn,* 20 B.R. 233, 234 (9th Cir. BAP 1982)("A claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is non-dischargeable ... even though the debt was payable directly to the attorney.");  *In re Spong,* 661 F.2d 6, 10 (2nd Cir.1981).  This is no different from an obligation to pay medical bills incurred by a child directly to the care provider.

WERE FEES FOR SOMETHING OTHER THAN SUPPORT?

The above discussion assumes that Raggio's services were correctly characterized by the bankruptcy court as necessary to provide support for the child.  On appeal, Raggio argues that the fees were incurred at least partially for attorney's services other than establishing Hudson's child support obligation.  He relies on a statement in the State Court Judgment that:

> "All fees awarded in this judgment are and were reasonable and necessary to protect and defend the rights of the child and to provide for the support of the child, and further attributable to the fraud and the intentional (or malicious) conduct of Scott Wesley Hudson toward the child."

Hudson contends that a genuine issue of material fact existed concerning what portion of the attorneys fees was attributable to the support obligation and which portion was attributable to the

4

fraud arising from the termination of a Hudson Family Trust. Hudson failed to raise this argument before the bankruptcy court or the district court. Issues raised for the first time on appeal are reviewed only for plain error. *McCann v. Texas City Refining, Inc.,* 984 F.2d 667, 673 (5th Cir.1993). This court may correct a plain error only if it seriously affected the "fairness, integrity, or public reputation" of the judicial proceedings. *United States v. Calverley,* 37 F.3d 160, 164 (5th Cir.1994)(en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995). Hudson's argument inspires no such concerns. In addition to the support obligations in question, the Bankruptcy Code excepts from discharge various debts involving fraud, § 523(a)(2)(A), and "willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). The impact of these sections was not briefed or discussed by the parties in this court or below. Hudson cannot prevail on this issue, given the state of the record before this Court. He has not established either plain error or that the alleged error seriously affected the fairness, integrity or public reputation of these proceedings.

COLLATERAL ESTOPPEL

Hudson argues that if the child's mother had the financial ability to pursue the state court litigation, then the attorney's fees award was not necessary to enable her to pursue child support; ergo, the fees are not in the nature of support and are dischargeable, citing *In re Schiltz,* 97 B.R. 671 (Bankr.N.D.Ga.1986). He goes on to argue that the bankruptcy

5

court's finding that the state court decision had collateral estoppel effect was error because the state court did not specifically address whether the child's mother had the financial ability to pursue state court litigation without an award of attorneys fees. Although never before raised and rejected in Fifth Circuit jurisprudence, this argument is inconsistent with *Dvorak*, where we held attorney's fees related to establishment of support obligations non-dischargeable without reference to the financial need of the support obligee at the beginning of the litigation. *See Dvorak,* 986 F.2d at 941. We therefore decline Hudson's invitation to require proof of financial ability in § 523(a)(5) analysis.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order affirming the grant of summary judgment for Raggio.

AFFIRMED.